SHORT RECORD
No. 25-2749
Filed: 10/03/2025



# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

In re: JACKIE SAMPLE,

Petitioner,

v.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS,

Respondent.

**No. 1:25-cv-05329**

**NOTICE OF EMERGENCY FILING**

PLEASE TAKE NOTICE that Petitioner, Jackie Sample, hereby files the attached
**Petition for Writ of Mandamus** pursuant to 28 U.S.C. § 1651 (All Writs Act) and
Federal Rule of Appellate Procedure 21, seeking relief from the United States Court of
Appeals for the Seventh Circuit.

The Petition seeks, among other relief:

1.  Recusal of Judge Andrea R. Wood to ensure impartial adjudication and uphold due
    process under the Fourteenth Amendment;

2.  Immediate acceptance of service on Dr. Madison Sample Jr. and enforcement of
    emergency relief to protect Petitioner from ongoing domestic violence, financial
    abuse, and deprivation of rights;

3.  Provision of ADA accommodations, including appointment of counsel, CART transcription, and confidential handling of all disability-related matters;

4.  Disqualification of Assistant Attorney General Michael Bradtke from representing judicial defendants due to conflicts of interest and appearance of impropriety; and

5.  Immediate adjudication of emergency motions and issuance of injunctive relief to prevent foreclosure, utility disconnections, loss of health insurance, and ongoing financial and personal harm.

Dated: October 3, 2025

Respectfully submitted,

/s/ Jackie Sample
Jackie Sample, Pro Se


773-719-0337

jackshousinganddevelopment@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on [Insert Date], a true and correct copy of the foregoing Notice of Filing and Petition for Writ of Mandamus was served via [specify method, e.g., CM/ECF, U.S. Mail] on all parties of record.

/ s/ Jackie Sample

Jackie Sample

jackshousinganddevelopment@gmail.com

(773)719-0337

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE SEVENTH CIRCUIT

**In re:**

**JACKIE SAMPLE,**

Petitioner,

v.

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,

Respondent.

**Case No. 1:25-cv-05329**



U.S.C.A. — 7th Circuit
RECEIVED
OCT 03 2025
4

## SWORN STATEMENT OF JACKIE SAMPLE IN SUPPORT OF EMERGENCY PETITION FOR WRIT OF MANDAMUS

I, **Jackie Sample**, being over the age of 21, competent to testify, and acting **sui juris**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Petitioner in this matter and have personal knowledge of the facts stated herein.

2. I have suffered ongoing constitutional and ADA violations, and irreparable harm due to the actions and inactions of Judge **Andrea R. Wood**, demonstrating actual

bias and systemic partiality, depriving me of due process and equal protection under the Fourteenth Amendment, and obstructing reasonable accommodations under the Americans with Disabilities Act (42 U.S.C. § 12132), including:

- Appointment of counsel as a reasonable accommodation,

- Provision of CART transcription, and

- Access to certified transcripts of all relevant hearings.

3. Judge Wood has repeatedly refused to accept service on **Defendant Dr. Madison Sample Jr.**, obstructing relief from exigent circumstances and facilitating ongoing domestic violence, financial abuse, deprivation of property, and loss of financial relief.

4. Judge Wood has improperly:

- Presented my motions on my behalf without consent,

- Discussed my disability in front of opposing counsel, disclosing confidential information,

- Delayed or denied adjudication of emergency motions, all of which constitute bias, discrimination, retaliation, and obstruction of my rights under 42 U.S.C. §§ 1983, 1985; 18 U.S.C. §§ 241, 242; and the Fourteenth Amendment.

5. These failures have caused **irreparable harm**, including furthering foreclosure, property tax sales, frozen accounts, loss of health insurance, utility disconnections, ongoing domestic violence, financial deprivation, denial of religious practice, and psychological trauma.

6. Judge Wood's conduct mirrors systemic misconduct by four Defendants, DuPage County state judges (**Skarin, Orel, Cerne, and Alvarado**), who:

   ○ Denied ADA accommodations,

   ○ Blocked access to official transcripts and CART notes,

   ○ Shielded Dr. Madison Sample from accountability,

   ○ Obstructed relief from exigent circumstances

   ○ Denied emergency relief, demonstrating a recurring pattern of deprivation of rights.

7. Mandamus relief is necessary because no adequate remedy exists by appeal, and continued judicial bias and obstruction will cause **further irreparable harm.** I seek relief to compel:

   a. **Recusal of Judge Andrea R. Wood** to ensure impartial adjudication;

   b. **Immediate acceptance of service** on Dr. Madison Sample Jr. and judicial action giving Mrs. Sample Due Process to obtain emergency relief;

   c. **Provision of ADA accommodations**, including appointment of counsel, CART

transcription, and confidential handling of disability matters;

d. **Disqualification of Assistant Attorney General Michael Bradtke** from representing judicial defendants due to conflict of interest;

e. **Immediate adjudication of emergency motions and injunctive relief** to prevent foreclosure, tax sales, utility disconnections, loss of health insurance, and financial and personal harm.

8. I have **documented extraordinary circumstances** including repeated judicial delays on exigent circumstances, obstruction of ADA rights, and denial of emergency relief, which threaten my safety, health, property, liberty, and constitutional rights.

9. I declare that the foregoing is true and correct to the best of my knowledge and belief, and that I am competent to testify to these facts in court.

Executed on this 26 day of September, 2025.


**Jackie Sample**

Petitioner, Sui Juris

**Contact:**

**jackshousinganddevelopment@gmail.com**

**(773) 719-0337**

In re: JACKIE SAMPLE,

Petitioner,

v.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,

Respondent.

Case No. 1:25-cv-05329

**EMERGENCY PETITION FOR WRIT OF MANDAMUS**

COMES NOW Petitioner Jackie Sample, sui juris, pursuant to 28 U.S.C. § 1651 (All Writs Act) and Federal Rule of Appellate Procedure 21, and petitions this Court for a writ of mandamus directing the recusal of Judge Andrea R. Wood, immediate enforcement of Plaintiff's ADA and constitutional rights—including appointment of counsel as a reasonable accommodation, provision of CART services, and access to certified transcripts for all relevant hearings—and protection from ongoing and irreparable harm.

Petitioner has suffered repeated and ongoing constitutional violations, ADA violations, and irreparable harm as a direct result of Judge Wood's actions and inactions, which demonstrate actual bias. This conduct reflects an ongoing practice of partiality and deprivation of rights and creates the appearance of a pattern of conspiracy against the rights of Jackie Sample. These actions have been designed to perpetuate ongoing domestic violence, financial abuse, and the loss of property, particularly Petitioner's marital home in Burr Ridge, valued at approximately $2.9 million.

Judge Wood has abused her discretion by denying ADA accommodations while simultaneously requiring procedural formalities, including a "certificate of counsel," which Petitioner, as a disabled pro se litigant, cannot provide. This Catch-22 effectively bars access to recusal remedies and violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment, U.S. Const. amend. XIV. Petitioner's rights have been violated under the following authorities: *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) (Due Process requires recusal where bias is likely); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) (failure to

recuse violates Due Process even absent actual bias); and *In re Murchison*, 349 U.S. 133 (1955) (probability of unfairness violates judicial integrity and Due Process).

Judge Wood has refused to accept service on Defendant Madison Sample Jr., thereby preventing enforcement of emergency relief in exigent circumstances and further facilitating ongoing domestic violence, financial abuse, deprivation of rights, and loss of property and financial relief. This refusal violates Petitioner's rights under 42 U.S.C. §§ 1983, 1985 (civil rights deprivation under color of law), and 18 U.S.C. §§ 241, 242 (criminal deprivation of rights under color of law), and constitutes a continuing violation of Petitioner's Fourteenth Amendment Due Process and Equal Protection rights (U.S. Const. amend. XIV; *Dennis v. Sparks*, 449 U.S. 24 (1980); *Carey v. Piphus*, 435 U.S. 247 (1978)).

Judge Wood's actions and inactions demonstrate the appearance of conspiracy against the Petitioner, Jackie Sample, and constitute interference with Petitioner's fundamental rights under color of law, including the ADA (42 U.S.C. § 12132; *Tennessee v. Lane*, 541 U.S. 509 (2004)), by denying reasonable accommodations such as appointment of counsel, CART services, and transcript access. This refusal by Judge Wood to take reasonable action within her jurisdiction to hold Dr. Sample accountable perpetuates the same unlawful patterns of conspiracy against rights, deprivation of rights, and violations of Petitioner Jackie Sample's Fourteenth Amendment Due Process rights under color of law, previously exhibited by the four DuPage County judicial defendants who are being sued in Case No. 1:25-cv-5329 (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988); *In re Murchison*, 349 U.S. 133 (1955)).

Those judges, on the record, demonstrated favoritism toward Defendant Madison Sample Jr. and hostility toward Petitioner, including statements and coordinated actions designed to facilitate Dr. Madison Sample in committing financial fraud against Jackie Sample, including willfully accepting Dr. Sample's fraudulent financial affidavits that understated the couple's true assets and Dr. Sample's income by approximately 75%, while disregarding Petitioner's truthful submissions of income and assets. This manipulation violates 18 U.S.C. §§ 1341, 1343 (mail and wire fraud); 18 U.S.C. § 152 (fraudulent financial statements to court); 18 U.S.C. §§ 1503, 1512 (obstruction of justice); and 42 U.S.C. §§ 1983, 1985 (civil rights deprivation under color of law), forcing Petitioner to live in a poverty-stricken condition with unnecessary suffering, harm, and financial loss while denying lawful property and financial relief. Dr. Sample thereby unlawfully

took sole control over marital assets in the millions, including digital currency, business partnerships, income, and investments, in violation of multiple court orders issued by the state court judicial defendants, all of which Petitioner's actions to address the matter in state court were disregarded and obstructed. The State Judge's actions created a pattern of willful neglect and corruption against Petitioner, in violation of judicial canons, including Canon 2 (avoid impropriety and appearance of impropriety), Canon 3 (perform duties impartially and diligently), and Canon 3B(4) (ensure the right to be heard is protected).

This ongoing deprivation of rights and denial of due process prevents Petitioner from access to medical treatments, health insurance, reasonable quality of life, the right to live free from abuse, protecting her assets and real estate property, including her Burr Ridge home; denies her ADA accommodations; and obstructs her meaningful access to the courts (*Tennessee v. Lane*, 541 U.S. 509 (2004); 42 U.S.C. § 12132; *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988); *In re Murchison*, 349 U.S. 133 (1955)).

Further, during a hearing, Judge Wood has engaged in improper discussions with opposing counsel regarding Petitioner's dismissed DuPage County divorce case, expressing agreement with their positions and using this information to unlawfully justify the denial of emergency relief, while applying inaccurate law codes as if the divorce matter in DuPage still existed. During the same hearing, Judge Wood also presented Petitioner's motion on Petitioner's behalf without permission, forcing Petitioner on the record to assert that she wished to present her own motion. Additionally, Judge Wood discussed Petitioner's disability with opposing counsel, effectively revealing confidential ADA-related information in open court. Such conduct demonstrates discrimination against Americans with Disabilities, actual bias, pre-judgment, and retaliation for asserting constitutional rights, violating 28 U.S.C. § 455(a) (requiring recusal whenever impartiality might reasonably be questioned), Canon 2, and Canon 3(C) of the Code of Conduct for United States Judges, and constitutes an abuse of discretion warranting mandamus relief (*Cheney v. U.S. Dist. Court*, 542 U.S. 367 (2004); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)).

The District Court's repeated denial of appointed counsel, delay and denial of ADA accommodations, including CART services, obstruction of service, and failure to prevent ongoing domestic violence, financial abuse, and property loss, have caused irreparable harm, including:

furtherance of multiple foreclosures; tax sales; frozen bank accounts; loss of health insurance; worsening medical conditions; exposure to continued domestic violence and coercive control; loss of business income; denial of utilities; denial of basic human needs; and deprivation of freedom to engage in religious and personal activities. These actions constitute ongoing deprivation of rights under 42 U.S.C. §§ 1983, 1985; 18 U.S.C. §§ 241, 242; systemic violation of the ADA (42 U.S.C. § 12132; *Tennessee v. Lane*, 541 U.S. 509 (2004)); and violations of the Fourteenth Amendment right to due process and equal protection (U.S. Const. amend. XIV; *Carey v. Piphus*, 435 U.S. 247 (1978)), for which no adequate remedy exists by appeal (*Winter v. NRDC*, 555 U.S. 7 (2008); *Cheney*, supra).

Judge Wood has further allowed a conflict of interest to persist by permitting Assistant Attorney General Michael Bradtke to represent the judicial defendants at taxpayer expense, while denying Petitioner counsel as necessary to meet accommodations under the Americans with Disabilities Act (ADA), or any meaningful representation, in violation of 5 ILCS 405/7 and Illinois Rules of Professional Conduct, Rule 1.7. This conflict and refusal of neutral representation constitutes deprivation of rights and further demonstrates the necessity for mandamus to compel recusal, disqualification, enforcement of ADA rights, acceptance of service, and immediate protection from irreparable harm.

Mandamus relief is therefore necessary to protect Petitioner from ongoing and irreparable injury, to preserve her constitutional and statutory rights, and to restore meaningful access to the courts in a case where Judge Wood has demonstrated actual bias, systemic partiality, repeated denial of ADA accommodations, disclosure of confidential disability information, improper substitution of Petitioner's motions, and repeated failure to act within the Court's jurisdiction to prevent irreparable harm.

## I. JURISDICTION

This Court has jurisdiction under 28 U.S.C. §§ 1651, 1292(a)(1), and 2107, as there exists no adequate remedy by appeal due to the ongoing, imminent, and irreparable harm to Petitioner. The District Court's repeated refusal to enforce Petitioner's fundamental rights, provide ADA accommodations, permit service on Dr. Madison Sample Jr., and fairly adjudicate emergency matters constitutes a clear abuse of discretion

## II. RELIEF SOUGHT

**Petitioner seeks the following relief:**

1. **Writ of mandamus compelling Judge Andrea R. Wood to recuse herself on this matter** to ensure impartial adjudication, pursuant to 28 U.S.C. §§ 144 and 455, Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), and Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988). Judge Wood is incapable of impartiality due to her bias toward judicial defendants and Madison Sample Jr., as well as prior discussions of Petitioner's DuPage County divorce, which has been dismissed. This conduct violates Canon 2 (avoid impropriety and appearance of impropriety) and Canon 3(C) (perform duties impartially and diligently) of the Code of Conduct for United States Judges.

2. **Writ of Mandamus – Emergency Motion Hearing Delay**

   Petitioner seeks mandamus relief due to Judge Andrea R. Wood's unreasonable delay in scheduling and adjudicating Petitioner's emergency motion, despite ongoing domestic violence, financial abuse, imminent foreclosure, utility disconnections, and threats to Petitioner's health and property. As reflected on the docket for this case, the delay in setting a hearing demonstrates a pattern of inaction inconsistent with the exigent circumstances presented.

   This delay violates Petitioner's Fourteenth Amendment rights to due process and equal protection (U.S. Const. amend. XIV), 42 U.S.C. §§ 1983, 1985, and 18 U.S.C. §§ 241, 242, and obstructs meaningful access to the courts under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 (Tennessee v. Lane, 541 U.S. 509 (2004)).

   Judge Wood's delay also contravenes judicial canons: Canon 2 (avoid impropriety and the appearance of impropriety), Canon 3(A)(1) (diligent performance of duties), and Canon 3(B)(7) (prompt disposition of court business), reflecting systemic partiality and obstruction. Mandamus relief is therefore warranted to compel immediate adjudication of Petitioner's emergency motion and protection against ongoing and irreparable harm.

3. **Writ of mandamus compelling immediate ADA accommodations,** including:

- Appointment of counsel as a reasonable accommodation under 42 U.S.C. § 12132 (ADA Title II) and Tennessee v. Lane, 541 U.S. 509 (2004).
- Provision of CART transcription and certified access to the July 16, August 25, and September 9, 2025 hearings.
- Confidential handling of all disability-related matters consistent with ADA privacy requirements.

4. **Writ of mandamus disqualifying Assistant Attorney General Michael Bradtke** from representing judicial defendants due to conflicts of interest and appearance of impropriety, pursuant to Illinois Rules of Professional Conduct Rule 1.7 and 5 ILCS 405/7. As Judge Wood showed agreement with Attorney Bradtke when counsel stated the judges acted in their official capacity and the case was not under her jurisdiction, Judge Wood is fully aware that this case is presented under color of law. Petitioner's allegations that the judicial defendants acted outside their judicial capacity must be accepted as true.

5. Writ of mandamus requiring the District Court to accept service on Dr. Madison Sample Jr., ensuring relief of exigent circumstances and preventing further domestic violence, financial abuse, and deprivation of rights, consistent with 42 U.S.C. §§ 1983, 1985, 18 U.S.C. §§ 241, 242, and VAWA, 34 U.S.C. § 12291 et seq.

6. Writ of mandamus for TRO enjoining foreclosure and property tax sales, utility disconnections, loss of health insurance, and ongoing financial and personal harm, pursuant to Fed. R. Civ. P. 62(d) and equitable powers under Winter v. NRDC, 555 U.S. 7 (2008).

7. Writ of mandamus regarding denial of El Roy Johnson's motion to intervene in this case, which demonstrates clear bias in favor of the judicial defendants, pursuant to 28 U.S.C. §§ 144, 455, Caperton, supra, Liljeberg, supra, and Canons 2 and 3(C) of the Code of Conduct for United States Judges.

8.  Writ of mandamus addressing procedural misconduct in emergency matters, including Judge Wood's presentation of Petitioner's emergency motion on Petitioner's behalf without permission, directing attention to issues different from Petitioner's actual exigent circumstances, thereby obstructing proper adjudication of immediate emergencies. This conduct violates 28 U.S.C. § 455(a) and judicial Canons 2 and 3(C), and constitutes an abuse of discretion warranting mandamus relief.

## III. STATEMENT OF EXTRAORDINARY CIRCUMSTANCES

Petitioner has repeatedly filed motions in the Northern District of Illinois to address immediate and irreparable harm, including:

1.  Motions for emergency injunctive relief to prevent foreclosure, utility disconnection, further loss of health insurance, and deprivation of essential services and basic human needs, which have been repeatedly ignored, delayed, or inadequately adjudicated by Judge Andrea R. Wood, despite exigent circumstances threatening Petitioner's health, safety, property, and fundamental rights. These delays are documented on the docket and constitute denial of meaningful access to the courts.

2.  Motions for judicial recusal and disqualification under 28 U.S.C. §§ 144 and 455 (Dkts. 74, 85, 89, 100). These motions were denied based on Petitioner's pro se status and inability to file a certificate of counsel, creating a Catch-22 while simultaneous ADA requests for counsel were denied. The denials prevented impartial adjudication and violated Petitioner's Fourteenth Amendment rights to due process and equal protection (U.S. Const. amend. XIV; Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988); In re Murchison, 349 U.S. 133 (1955).

3.  Motion to disqualify conflicted counsel (Assistant Attorney General Michael Bradtke) was delayed or left undecided. Judge Wood engaged in discussions with Bradtke regarding Petitioner's dismissed DuPage County divorce, demonstrating bias and improper reliance on irrelevant matters, in violation of 28 U.S.C. § 455(a) and judicial

canons (Canon 2: Avoid impropriety; Canon 3(C): Perform duties impartially and diligently).

4. ADA accommodation requests were denied or delayed, including appointment of counsel as a reasonable accommodation under 42 U.S.C. § 12132 (ADA Title II) and Tennessee v. Lane, 541 U.S. 509 (2004), as well as provision of CART transcription and access to certified transcripts for the July 16, August 25, and September 9, 2025 hearings. These denials obstructed Petitioner's meaningful participation in court proceedings, violated federal disability rights, and further impeded access to emergency relief.

5. CART transcript evidence from the July 16, August 25, and September 9, 2025 hearings confirms procedural bias, repeated refusals to adjudicate emergency motions, and obstruction of Petitioner's statutory and constitutional rights, including rights under 42 U.S.C. §§ 1983, 1985, 18 U.S.C. §§ 241, 242, and the Fourteenth Amendment. These failures demonstrate systemic partiality and warrant mandamus relief to prevent ongoing and irreparable harm.

6. Acceptance of Service on Dr. Madison Sample Jr.

According to an official police report, Dr. Sample is evading his wife, Mrs. Sample. Petitioner has been unable to effect service on Defendant Dr. Madison Sample Jr. due to Judge Andrea R. Wood's refusal to accept service, despite repeated filings requesting enforcement of emergency relief. Judge Wood addressed this matter at two separate hearings and acknowledged on the record that Petitioner, Mrs. Sample had provided service through multiple means, stating it appears Petitioner has done everything possible to serve Dr. Sample. Nonetheless, Judge Wood still refused to accept service, thereby shielding Dr. Sample from participating in these proceedings and effectively obstructing Petitioner's due process.

This obstruction reflects a continuing pattern of deprivation of rights, mirroring similar failures in the state court system, where judicial defendants repeatedly ignored or obstructed Petitioner's efforts to enforce financial and protective orders, ADA accommodations, and access to court resources. The refusal to accept service in federal court perpetuates this systemic

denial of due process and equal protection, further preventing Petitioner from addressing ongoing and irreparable harm, including domestic violence, financial abuse, imminent foreclosure, utility disconnections, and threats to her health, safety, and property.

The failure to accept service violates Petitioner's Fourteenth Amendment rights to due process and equal protection (U.S. Const. amend. XIV), interferes with rights under 42 U.S.C. §§ 1983, 1985, and 18 U.S.C. §§ 241, 242 (deprivation of rights under color of law), and obstructs enforcement of protections under the Violence Against Women Act, 34 U.S.C. § 12291 et seq. This pattern of obstruction, across state and federal courts, demonstrates systemic partiality and underscores the necessity of mandamus relief to compel acceptance of service and prevent ongoing and irreparable harm.

## IV. DOCUMENTED LOSSES AND HARM

### A. Financial Harm

Petitioner has suffered extensive and ongoing financial injury directly attributable to judicial inaction, obstruction, and collusion:

- Frozen Accounts: Petitioner's personal and business bank accounts were frozen by a former attorney acting in concert with opposing parties, in conduct amounting to conspiracy against rights under 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. §§ 241, 242. This act deprived Petitioner of immediate access when others donat funds necessary for survival.

- Property Losses: Multiple properties have been placed in foreclosure or subjected to tax sales, and City of Chicago fines including:
  - 9476 Falling Water Dr. E, Burr Ridge, IL 60527
  - 7439 S. Prairie, Chicago, IL 60619
  - 641 W. 119th Street, Chicago, IL 60628
  - 645–653 W. 119th Street, Chicago, IL 60628

- These losses stem from a systemic pattern of violation of due process and deprivation rights from Respondent Dr. madison Sample and the Court's refusal to uphold the constituion and protect and enforce existing pritections gauranteed to every citizen under the law thereby accelerating Petitioner's displacement and compounding economic harm.

- Business Income & Licensure: Petitioner has lost her general contractor license renewal, corporate renewal, and all related business income due to lack of financial access, court obstruction, and systemic deprivation of rights.
- Credit Destruction: Petitioner's credit score has collapsed, limiting access to housing, utilities, and business opportunities. This damage flows directly from repeated denials of due process and judicial refusal to enforce financial relief in violation of the Fourteenth Amendment.

## B. Property Harm
- Flooding & Damage: Neglected court orders and financial inaction left properties unmaintained, resulting in flooded basements and standing water as high as the basement ceilings, causing irreparable damage.
- Business Closure: Petitioner's salon was forced to close, with equipment destroyed, eliminating her livelihood.
- Continuing Risk: Foreclosures and tax sales remain imminent, requiring immediate injunctive protection under the All Writs Act, 28 U.S.C. § 1651.

## C. Health and Welfare Harm
- Medical Losses: Petitioner lost health insurance due to financial obstruction, leading to unmanaged chronic pain, worsening physical condition, and inability to afford medical treatments and medications and supplements which aren't covered under state funded insurance.
- Utilities: Petitioner has endured repeated gas, water, and electric shut-offs, directly linked to coordinated patteren of judicial failure.
- Loss of Liberty & Safety: Petitioner has been deprived of her right to live free from domestic violence, coercive control, and financial abuse in violation of VAWA, 34 U.S.C. § 12291 et seq., and 42 U.S.C. § 1983.

## D. Civil Rights Retaliation
Petitioner has also faced escalating retaliation for exercising her constitutional rights:

- Government Retaliation: DuPage County State's Attorney and the Mayor of Burr Ridge issued retaliatory notices over a trivial $37.86 water bill, evidencing targeted harassment and abuse of authority in violation of 42 U.S.C. § 1985 and ADA Title II, 42 U.S.C. § 12132.
- Attorney Retaliation: Attorneys have advised Petitioner to abandon her federal claims against four judicial defendants, creating coercive pressure that chills the exercise of civil rights and obstructs access to justice.

## E. Safety Harm

Petitioner continues to face imminent risk of harm from ongoing domestic violence and coercive control by Dr. Madison Sample Jr.. Judicial refusal to accept service has left Petitioner without meaningful legal remedy, constituting deliberate indifference to threats against her life and safety.

## F. Religious Harm

Petitioner has been denied the ability to fully practice her faith and engage in religious ministry due to systemic deprivation of resources, financial ruin, and restricted court access. The compounded violations of constitutional rights and ADA protections have deprived Petitioner of the freedom to worship and serve consistent with her faith traditions.

## G. Psychological and Emotional Harm

Petitioner has endured severe and irreparable psychological duress as a direct result of systemic judicial obstruction, denial of due process, and ongoing domestic violence perpetuated through state and federal inaction. These harms include:

- Chronic Emotional Trauma: The repeated denial of relief in the face of life-threatening circumstances has caused Petitioner significant anxiety, depression, and trauma. Petitioner lives under the constant stress of potential foreclosure, eviction, and utility shutoffs, compounding the emotional toll of domestic violence and financial abuse.
- Loss of Dignity and Autonomy: Judicial refusals to enforce existing orders, accept service on Dr. Madison Sample Jr., or provide ADA accommodations have left Petitioner unable to meaningfully participate in proceedings. This denial of agency has inflicted a

deep sense of helplessness and despair, violating the Fourteenth Amendment's guarantee of due process and equal protection.

- Welfare Dependence and Food Insecurity: Petitioner has been forced to rely on welfare assistance programs. However, these programs provide insufficient funds to meet basic survival needs, including adequate food. This involuntary dependency—created by financial abuse and judicial obstruction—constitutes an ongoing denial of economic liberty and personal security.

- Irreparable Psychological Harm: The cumulative impact of financial ruin, property loss, health deterioration, and systemic judicial bias has caused ongoing emotional duress that cannot be compensated by monetary damages. This satisfies the legal standard for irreparable harm in equity (see *Elrod v. Burns*, 427 U.S. 347 (1976) – "The loss of constitutional rights, even for minimal periods of time, unquestionably constitutes irreparable injury.").

## Conclusion of Losses

Collectively, the financial, property, health, safety, civil rights, religious, and psychological harms outlined above constitute extraordinary, ongoing, and irreparable injuries. These losses are not speculative but are well-documented, immediate, and compounding. They are the direct result of systemic deprivation of rights in both state and federal courts, where repeated judicial failures have stripped Petitioner of property, liberty, health, safety, and the free exercise of faith. Because these injuries cannot be remedied through ordinary appeal, and each day of delay magnifies the irreparable harm, mandamus relief is the only adequate and effective remedy to restore constitutional protections, safeguard Petitioner's rights, and prevent further injustice.

## PATTERN OF SYSTEMIC JUDICIAL MISCONDUCT

Judge Wood's actions mirror those of four DuPage County state judges (Skarin, Orel, Cerne, Alvarado), who:

- Denied ADA accommodations in violation of 42 U.S.C. § 12132 (ADA Title II).
- Blocked access to official transcripts and CART notes, obstructing Petitioner's meaningful participation in proceedings.

- Shielded Dr. Madison Sample from appearing before the court, thereby protecting him from accountability and obstructing due process.
- Repeatedly failed to take judicial action to prevent ongoing financial loss and domestic abuse.
- Relied on procedural technicalities to deny substantive relief.

These actions collectively demonstrate a recurring and coordinated pattern of systemic judicial misconduct. They reflect a conspiracy against rights (42 U.S.C. §§ 1983, 1985; 18 U.S.C. §§ 241, 242) and a sustained violation of Fourteenth Amendment due process and equal protection guarantees, systematically favoring Dr. Madison Sample while denying Petitioner access to justice.

## VI. LEGAL BASIS

### A. Mandamus Standard

- Relief is appropriate where there is a clear abuse of discretion and no adequate remedy exists on appeal.

  Authority: Cheney v. U.S. Dist. Court, 542 U.S. 367 (2004).

### B. Judicial Recusal

- Judges must recuse themselves when bias is evident or reasonably questioned, including actual bias or the appearance of bias.

  Authorities:

  - 28 U.S.C. §§ 144, 455 – statutory recusal requirements.
  - Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) – Due Process requires recusal where bias is likely.
  - Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988) – failure to recuse violates Due Process even absent actual bias.
  - In re Murchison, 349 U.S. 133 (1955) – probability of unfairness undermines justice.

### C. ADA Violations

- Courts must provide reasonable modifications and accommodations to ensure meaningful access to justice for individuals with disabilities.

  Authorities:
    - 42 U.S.C. § 12132 – ADA Title II prohibition against disability discrimination by public entities.
    - Tennessee v. Lane, 541 U.S. 509 (2004) – reasonable modifications are required to ensure access to court proceedings.

## D. Civil Rights Violations

- Deprivation of rights under color of law, conspiracy to interfere with civil rights, and obstruction of due process are actionable.

  Authorities:
    - 42 U.S.C. §§ 1983, 1985 – civil rights violations under color of law.
    - 18 U.S.C. §§ 241, 242 – criminal deprivation of rights under color of law.
    - Dennis v. Sparks, 449 U.S. 24 (1980) – government actors can be liable for conspiracies violating constitutional rights.

## E. Pattern of Coordinated Misconduct

- Repeated and coordinated actions by judicial defendants and others demonstrate a pattern of systemic misconduct interfering with Petitioner's rights.

  Authorities:
    - 18 U.S.C. §§ 1961–1968 – civil and criminal RICO provisions permitting remedies for patterns of coordinated misconduct.
    - Case law demonstrating patterns of judicial conspiracy to deprive rights (referenced in § 1983/§ 1985 claims).

## F. Injunctive Relief

- Extraordinary circumstances justify injunctions to prevent ongoing and irreparable harm, including financial, property, and personal harms.

  Authorities:
    - Fed. R. Civ. P. 62(d) – stays and injunctions pending appeal.
    - Winter v. NRDC, 555 U.S. 7 (2008) – injunctions warranted where irreparable harm is likely and no adequate remedy exists.

## G. Federal Judicial Canons Violated by Judge Wood

14.

- Canon 1 – Uphold the integrity and independence of the judiciary
  Judge Wood allowed systemic deprivation of Petitioner's rights while shielding judicial defendants, undermining confidence in judicial independence.
- Canon 2 – Avoid impropriety and the appearance of impropriety
  Judge Wood engaged in discussions with opposing counsel about dismissed state matters and ADA issues, creating the appearance of bias and impropriety.
- Canon 3 – Perform duties impartially, fairly, and diligently
  Judge Wood repeatedly delayed emergency motions, denied ADA accommodations, and obstructed service on Dr. Madison Sample Jr., failing to perform judicial duties impartially and diligently.
- Canon 3(C) – Disqualify oneself where impartiality might reasonably be questioned
  Judge Wood demonstrated actual bias by denying recusal motions, presenting Petitioner's motions without consent, and obstructing relief, creating a clear appearance that impartiality could reasonably be questioned.

## VII. CONCLUSION

Petitioner faces imminent and irreparable harm, including: foreclosure and property tax sales; utility shutoffs; loss of health insurance and essential medications; continued domestic violence and coercive control; deprivation rights including ADA rights; denial of meaningful participation in court proceedings; retaliation by public officials; and systemic deprivation of due process under the Fourteenth Amendment (U.S. Const. amend. XIV) and color of law. These harms are ongoing, documented, and cannot be remedied through ordinary appeal.

The public interest and equities strongly favor immediate intervention. Judge Andrea R. Wood's repeated refusal to perform fundamental duties—providing ADA accommodations, accepting service on Dr. Madison Sample Jr., addressing emergency motions disregarding Mrs. Sample's exigent circumstances, constitutes a clear abuse of discretion, reflects a pattern of judicial misconduct, and perpetuates a pattern of deprivation of rights and ongoing violations of Petitioner's constitutional rights. This Court's intervention is necessary to protect Petitioner from further irreparable harm, uphold the integrity of the judicial process, and ensure equal protection under the law.

15.

**WHEREFORE**, Petitioner respectfully requests that this Court issue a writ of mandamus directing the following relief:

1. Recusal of Judge Andrea R. Wood to ensure impartial adjudication and uphold due process under the Fourteenth Amendment.

2. Immediate acceptance of service on Dr. Madison Sample Jr. and enforcement of all emergency relief to protect Petitioner from ongoing domestic violence, financial abuse, and deprivation of rights.

3. Provision of ADA accommodations, including appointment of counsel, CART transcription, and confidential handling of all disability-related matters, consistent with 42 U.S.C. § 12132 and *Tennessee v. Lane*, 541 U.S. 509 (2004).

4. Disqualification of Assistant Attorney General Michael Bradtke from representing judicial defendants due to conflicts of interest and the appearance of impropriety, pursuant to Illinois Rules of Professional Conduct Rule 1.7 and 5 ILCS 405/7.

5. Immediate adjudication of emergency motions and issuance of injunctive relief to prevent foreclosure, property tax sales, utility disconnections, loss of health insurance, and ongoing financial and personal harm, consistent with Fed. R. Civ. P. 62(d) and *Winter v. NRDC*, 555 U.S. 7 (2008).

Petitioner respectfully submits that mandamus relief is the only adequate and effective remedy to prevent ongoing, extraordinary, and irreparable harm, protect constitutional rights, and ensure access to justice.

Respectfully submitted,


Jackie Sample


jackshousinganddevelopment@gmail.com


(773)719-0337

16.

**To the Appropriate Agency or Officer Responsible for Investigating Criminal and Civil Rights Violations:**

I, Jackie Sample, am submitting this formal complaint requesting a full investigation and appropriate enforcement action regarding ongoing criminal, civil rights, and constitutional violations committed by Dr. Madison Sample, Jr., and associated parties, including attorneys who actively participated in coercion, deprivation of rights, and conspiracy.

This complaint packet includes exhibits of civil and criminal actions of Dr. Sample and the court with supporting documentation. It details systemic judicial misconduct, conspiracy against rights, deprivation of rights, and ongoing domestic violence and financial fraud committed by my spouse, Dr. Madison Sample, Jr., in collusion with multiple judges of the DuPage County judiciary. These violations have been further compounded and facilitated by federal inaction, leaving me vulnerable to continued harm and deprivation of my legal and constitutional rights.

Over the course of **2023–present** I have been subjected to a recurring pattern of **conspiracy against rights (18 U.S.C. § 241), deprivation of rights under color of law (18 U.S.C. § 242), financial fraud, perjury, coercive control, unlawful intimidation, harassment, and unreasonable threats of jail and incarceration.** Despite repeated documentation of these violations, the courts have willfully failed to act, facilitating exigent circumstances and irreparable harm. The conduct described rises to the legal requirements of a **RICO enterprise under 18 U.S.C. §§ 1961–1968**, where Dr. Madison Sample, aided by judicial actors under color of law, engaged in a continuing pattern of racketeering activity—including fraud, obstruction, and conspiracy—to defraud me of multi-million-dollar marital assets and systematically deprive me of due process.

Some examples of **conspiracy against rights and more** include the **Improper Attorney Participation:** around July 2023, I first consulted and shared my information with Beermann LLP. Months later, my husband retained them around September of 2023, and my information was used against me. Despite Opposing Counsel Beermann LLP withdrawal, Beermann law office was permitted to participate in hearings, including my unlawful divorce trial. I was even ordered to exchange trial documents with them after their withdrawal.

**Key examples of misconduct and harm include:**

- **Judicial Conspiracy and Misconduct:** Four DuPage County judges—Kenton Skarin, James Orel, Neal Cerne, and Susan Alvarado—repeatedly shielded Dr. Sample from accountability, disregarded standing court orders and financial records, and engaged in coordinated misconduct. Judge Neal Cerne dismissed my divorce in May 2025 despite extensive evidence of domestic violence and financial abuse, allowing Dr. Sample to abscond with multi-million-dollar marital assets.

- **Financial Fraud and Asset Theft:** Dr. Sample submitted falsified affidavits, understating his hospital salary by more than 76% and concealing over **$5,000,000 in digital currency assets, business ownership and more.** The courts knowingly disregarded

these discrepancies, aiding and abetting my husband Dr. Sample in financial fraud in the millions while wilfully leaving me indigent.

- **ADA and Due Process Violations:** I have a qualifying disability, yet both state and federal courts have denied reasonable accommodations, including appointed counsel, transcripts, and effective participation. This denies me meaningful access to the courts in violation of the **ADA, Title II (42 U.S.C. § 12132)** and controlling case law such as **Tennessee v. Lane, 541 U.S. 509 (2004).**

- **Domestic Violence and Coercive Control:** Despite protective laws under the **Violence Against Women Act (VAWA)**, the courts have refused to enforce financial and safety orders, leaving me exposed to ongoing coercion, financial abuse, and retaliation by Dr. Sample.

- **Imminent Harm and Property Loss:** As a direct result of judicial inaction, all of my properties are now in foreclosure or at risk of property tax sale. Two of my properties have basements with standing water reaching the ceiling which I am unable to address due to being left financially broke . Utilities have been disconnected multiple times, and I remain without stable access to medical care or basic human necessities.

This pattern is not an isolated error but part of a **systemic scheme of judicial corruption and abuse of authority** that deprives me of my lawful share of assets and by extension, the public of fundamental constitutional rights.

As an American citizen, I respectfully submit that your agency has a duty to act under the applicable laws and to follow up with me regarding this complaint. I therefore request immediate investigation, federal intervention, and enforcement action to address these criminal and civil violations, restore the rule of law, protect my constitutional rights, and prevent further irreparable harm, financial loss, and ongoing suffering. I expect prompt confirmation of receipt and a timely update on the actions your agency will take to address this matter

Supporting documentation is enclosed and I can supply additional documentation upon request. I am available at the contact information below for follow-up.

Sincerely,
Jackie Sample,
jackshousingandconstruction@gmail.com
jackshousinganddevelopment@gmail.com

(773) 719-0337

# Certified Statement of Truth Regarding ADA Denials

I, **Jackie Sample**, being over the age of twenty-one (21) and competent to testify, declare under penalty of perjury that the following is true and correct:

1. **ADA Requests Ignored**
   I made repeated requests for reasonable accommodations under the **Americans with Disabilities Act (ADA), Title II, 42 U.S.C. § 12132**, in order to participate in ongoing litigation. These requests were denied or obstructed.

2. **Contradictory Conduct by Judges and ADA Office**
   The DuPage County ADA office told me they had spoken with **Judge Susan Alvarado** about my request. Yet Judge Alvarado denied my accommodations in open court, claiming she knew nothing about them. **Judge Neal Cerne** acted the same way, making hostile statements while denying accommodations, suggesting a pattern of coordinated denial and hostility.

3. **Misuse of Authority by Judge James Orel**
   **Judge James Orel** denied me access to an attorney, then in or around **November 2023**, transcripts show he pressured my attorney to pursue an unlawful guardianship over me. This was outside the scope of the case, not legally justified, and directly violated my ADA rights and due process protections.

4. **Violation of Privacy in Federal Court**
   In federal court, **Judge Andrea R. Wood** discussed my disability openly in front of opposing counsel. ADA protections require such matters to be handled confidentially. This caused further humiliation and harm.

5. **Systemic ADA Violations**
   Across state and federal courts, these actions show a **pattern of discrimination and retaliation**, including:

   - Denial of equal access to proceedings,

   - Retaliation for asserting ADA rights (**42 U.S.C. § 12203**),

   - Violations of due process and equal protection under the Constitution.

## Certification

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ⎽⎽ day of ⎽⎽⎽⎽⎽⎽⎽, 2025.

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.3) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:25-cv-05329
## Internal Use Only

Sample v. Sample et al

Assigned to: Honorable Andrea R. Wood

Demand: $9,999,000

Cause: 28:1331 Federal Question

Date Filed: 05/14/2025

Jury Demand: Both

Nature of Suit: 446 Civil Rights: Americans with Disabilities - Other

Jurisdiction: Federal Question

### Plaintiff

**Jackie Johnson Sample**
*Light Feather*

represented by **Jackie Johnson Sample**
9476 Falling Water Drive East
Burr Ridge, IL 60527
(773) 719-0337
Email:
jackshousinganddevelopment@gmail.com
*PRO SE*

V.

### Defendant

**Madison Sample, Jr.**

### Defendant

**Neal Cerne**
*Judge, Demanded*

represented by **Michael James Bradtke**
Office of the Illinois Attorney General
General Law
151 S LaSalle Street
Ste 2700
Chicago, IL 60603
773-519-2733
Email: Michael.bradtke@ilag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Susan Alvarado**

represented by **Michael James Bradtke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**James Orel**
*Judge*

represented by **Michael James Bradtke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kenton Skarin**
*Judge*

represented by **Michael James Bradtke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Circuit Court of the Eighteenth Judicial Circuit**
*DuPage County, Illinois*

**Defendant**

**United States of America**
*USDA*

represented by **AUSA - Chicago**
United States Attorney's Office (NDIL - Chicago)
219 South Dearborn Street
Chicago, IL 60604
Fax: US Govt Attorney
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Old National Bank**

represented by **Tina Marie Jacobs**
Jacobs & Pinta
77 West Washington Street
#1005
Chicago, IL 60602
312-263-1005
Fax: 312-263-1055
Email: tjacobs@jacobsandpinta.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GN Bank**

**Defendant**

**Select Portfolio Servicing, Inc**

represented by **Jason Daniel Altman**
Kluever Law Group, LLC
200 North LaSalle Street
Suite 1880
Chicago, IL 60601
312-201-6658
Fax: 312-236-0514
Email: jaltman@klueverlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Carl Kromm**
Altman, Strautins & Kromm, LLC d/b/a
Kluever Law Group, LLC
200 North LaSalle
Ste 1880

Chicago, IL 60601
312-201-6691
Fax: 312-236-0514
Email: mkromm@klueverlawgroup.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**DuPage County, Illinois**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/14/2025 | 1 | COMPLAINT filed by Jackie Johnson Sample; Jury Demand. (Exhibits) (Received via pro se email on 5/14/25.)(vkm, ) (Entered: 05/14/2025) |
| 05/14/2025 | 2 | CIVIL Cover Sheet. (Received via pro se email on 5/14/25.) (vkm, ) (Entered: 05/14/2025) |
| 05/14/2025 | 3 | PRO SE Appearance by Plaintiff Jackie Johnson Sample. (Received via pro se email on 5/14/25.) (vkm, ) (Entered: 05/14/2025) |
| 05/14/2025 | 🔒 5 | SUMMONS Issued (Court Participant) as to Defendants Susan Alverado, Neal Cerne, Circuit Court of the Eighteenth Judicial Circuit, GN Bank, Old National Bank, James Orel, Madison Sample, Jr, Select Portfolio Servicing, Inc, Kenton Skarin, United States of America. (vkm, ) (Entered: 05/14/2025) |
| 05/14/2025 | | CASE ASSIGNED to the Honorable Andrea R. Wood. Designated as Magistrate Judge the Honorable Heather K. McShain. Case assignment: Random assignment. (Civil Category 2). (vkm, ) (Entered: 05/14/2025) |
| 05/14/2025 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (vkm, ) (Entered: 05/14/2025) |
| 05/19/2025 | 6 | SUMMONS Returned Executed by Jackie Johnson Sample as to Susan Alverado on 5/15/2025, answer due 6/5/2025; Neal Cerne on 5/15/2025, answer due 6/5/2025; Circuit Court of the Eighteenth Judicial Circuit on 5/15/2025, answer due 6/5/2025; GN Bank on 5/16/2025, answer due 6/6/2025; Old National Bank on 5/16/2025, answer due 6/6/2025; James Orel on 5/15/2025, answer due 6/5/2025; Madison Sample, Jr on 5/16/2025, answer due 6/6/2025; Select Portfolio Servicing, Inc on 5/16/2025, answer due 6/6/2025; Kenton Skarin on 5/15/2025, answer due 6/5/2025; United States of America on 5/16/2025, answer due 6/6/2025. (vkm, ) (Entered: 05/19/2025) |
| 05/28/2025 | 7 | MINUTE entry before the Honorable Andrea R. Wood: Telephonic initial status hearing set for 7/16/2025 at 9:30 AM. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. The call-in number is (650) 479-3207 and the access code is 1808131170. Counsel of record will receive an email 30 minutes prior to the start of the telephonic hearing with instructions to join the call. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and |

| | | |
|---|---|---|
| | | rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. The parties are directed to meet and conduct a planning conference pursuant to Federal Rule of Civil Procedure 26(f). At least seven days before the initial status hearing, the parties shall file a joint written status report, not to exceed five pages in length. The initial status report shall provide the information described on the Court's website at www.ilnd.uscourts.gov under District Judges, Judge Andrea R. Wood, Initial Status Conference. Mailed notice (lma, ) (Entered: 05/28/2025) |
| 06/10/2025 | 8 | AMENDED complaint by Jackie Johnson Sample with supporting material against Susan Alverado, Neal Cerne, Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, GN Bank, Old National Bank, James Orel, Madison Sample, Jr, Select Portfolio Servicing, Inc, Kenton Skarin, United States of America. (Received at the Intake Counter on 6/10/25) (vkm, ) (Entered: 06/10/2025) |
| 06/10/2025 | 9 | MEMORANDUM by Jackie Johnson Sample. (Received at the Intake Counter on 6/10/25) (vkm, ) (Entered: 06/10/2025) |
| 06/10/2025 | 10 | AFFIDAVIT by Jackie Johnson Sample of support of removal to federal court. (Received at the Intake Counter on 6/10/25) (vkm, ) (Entered: 06/10/2025) |
| 06/10/2025 | 11 | AFFIDAVIT of Jackie Sample in support of emergency relief for domestic violence, medical neglect, and contempt of court for Dr. Madison Sample. (Received at the Intake Counter on 6/10/25) (vkm, ) (Entered: 06/10/2025) |
| 06/10/2025 | 12 | SWORN AFFIDAVIT in support of plaintiff's emergency motion for injunctive relief. (Received at the Intake Counter on 6/10/25) (vkm, ) (Entered: 06/10/2025) |
| 06/10/2025 | 13 | SWORN AFFIDAVIT of judicial misconduct - Kenton Skarin. (Received at the Intake Counter on 6/10/25) (vkm, ) (Entered: 06/10/2025) |
| 06/10/2025 | 14 | SWORN AFFIDAVIT of judicial misconduct - Susan Alvarado. (Received at the Intake Counter on 6/10/25) (vkm, ) (Entered: 06/10/2025) |
| 06/14/2025 | 15 | EMERGENCY MOTION by Plaintiff Jackie Johnson Sample for temporary restraining order and preliminary injunction. (Attachments: # 1 Cover Page) (Received via pro se online portal on 6/14/25.)(vkm, ) (Entered: 06/16/2025) |
| 06/20/2025 | 18 | MOTION by Unknown El Roy G. Johnson to intervene pursuant to Federal Rule of Civil Procedure 24: Violations Under Color of Law (42 U.S.C. 1983) - Pattern of Judicially Sanctioned Guardianship Abuse Resulting in Fatal Civil Rights Violations in Movant's Case (Received at the Intake Counter on 06/20/25) (lm, ) (Entered: 06/23/2025) |
| 06/20/2025 | 19 | NOTICE of Motion by El Roy G. Johnson 18 (Received at the Intake Counter on 06/20/25) (lm, ) (Entered: 06/23/2025) |
| 06/20/2025 | 20 | DECLARATION of El Roy G. Johnson in support of motion to intervene 18 (Received at the Intake Counter on 06/20/25) (lm, ) (Entered: 06/23/2025) |
| 06/20/2025 | 21 | SWORN AFFIDAVIT by Unknown El Roy G. Johnson in support of motion to intervene: pursuant to Federal Rule of Civil Procedure 24: Judicially Sanctioned Guardianship Abuse Resulting in Fatal Civil Rights Violations Under Color of Law (42 U.S.C. 1983) 18 (Received at the Intake Counter on 06/20/25) (lm, ) (Entered: 06/23/2025) |

| 06/23/2025 | 16 | ATTORNEY Appearance for Defendant Select Portfolio Servicing, Inc by Jason Daniel Altman (Altman, Jason) (Entered: 06/23/2025) |
|---|---|---|
| 06/23/2025 | 17 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Select Portfolio Servicing, Inc<br><br>(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Altman, Jason) (Entered: 06/23/2025) |
| 06/23/2025 | 22 | ATTORNEY Appearance for Defendant Select Portfolio Servicing, Inc by Matthew Carl Kromm (Kromm, Matthew) (Entered: 06/23/2025) |
| 06/27/2025 | 23 | AFFIDAVIT of Service filed by LeRoy Johnson regarding motion to intervene. Served on 6/27/25. (Received at the Intake Counter on 6/27/25) (vkm, ) (Entered: 06/30/2025) |
| 06/27/2025 | 24 | NOTICE of filing by Elroy G. Johnson. (Exhibits) (Received at the Intake Counter on 6/27/25) (vkm, ) (Entered: 06/30/2025) |
| 06/27/2025 | 25 | SUMMONS Returned Executed by Jackie Johnson Sample as to Susan Alverado on 6/27/2025, answer due 7/18/2025; Neal Cerne on 6/27/2025, answer due 7/18/2025; Circuit Court of the Eighteenth Judicial Circuit on 6/27/2025, answer due 7/18/2025; GN Bank on 6/27/2025, answer due 7/18/2025; Old National Bank on 6/27/2025, answer due 7/18/2025; James Orel on 6/27/2025, answer due 7/18/2025; Madison Sample, Jr on 6/27/2025, answer due 7/18/2025; Select Portfolio Servicing, Inc on 6/27/2025, answer due 7/18/2025; Kenton Skarin on 6/27/2025, answer due 7/18/2025; United States of America on 6/27/2025, answer due 7/18/2025. (vkm, ) (Entered: 06/30/2025) |
| 06/27/2025 | 26 | NOTICE and MOTION by Plaintiff Jackie Johnson Sample for emergency injunctive relief to compel access to court transcripts and to prevent further due process obstruction. (Attachments: # 1 Text of Proposed Order) (Received at the Intake Counter on 6/27/25) (vkm, ) (Entered: 06/30/2025) |
| 06/30/2025 | 27 | AFFIDAVIT of Service filed by El Roy G. Johnson. (Received at the Intake Counter on 6/30/25) (vkm, ) (Entered: 07/01/2025) |
| 06/30/2025 | 28 | AFFIDAVIT of Service filed by Plaintiff Jackie Johnson Sample. (Received at the Intake Counter on 6/30/25) (vkm, ) (Entered: 07/01/2025) |
| 07/03/2025 | 29 | ATTORNEY Appearance for Defendants Susan Alverado, Neal Cerne, James Orel, Kenton Skarin by Michael James Bradtke (Bradtke, Michael) (Entered: 07/03/2025) |
| 07/10/2025 | 30 | ALIAS SUMMONS Issued (Court Participant) as to Defendants Susan Alverado, Circuit Court of the Eighteenth Judicial Circuit, GN Bank, Old National Bank, James Orel, Madison Sample, Jr, Kenton Skarin, United States of America, Plaintiff Jackie Johnson Sample (vjd, ) (Entered: 07/10/2025) |
| 07/11/2025 | 31 | ALIAS SUMMONS Issued (Court Participant) as to Defendants Circuit Court of the Eighteenth Judicial Circuit, GN Bank, James Orel (tg, ) (Entered: 07/11/2025) |
| 07/11/2025 | 32 | ALIAS SUMMONS Issued (Court Participant) as to United States of America, (tg, ) (Entered: 07/11/2025) |
| 07/11/2025 | 33 | ALIAS SUMMONS Issued (Court Participant) as to Susan Alverado, Neal Cerne, Old National Bank, Madison Sample, Jr, Select Portfolio Servicing, Inc, Kenton Skarin, U.S. Attorney, and U.S. Attorney General, SUMMONS Issued (Court Participant) as to Defendants Susan Alverado, Neal Cerne, Old National Bank, Madison Sample, Jr, Select Portfolio Servicing, Inc, Kenton Skarin (tg, ) (Entered: 07/11/2025) |

| 07/11/2025 | 34 | SWORN AFFIDAVIT REGARDING SUMMONS ISSUANCE filed by Intervenor El Roy G. Johnson. (Received at the Intake Counter on 7/11/25.) (ph, ) (Entered: 07/14/2025) |
|---|---|---|
| 07/11/2025 | 35 | SWORN AFFIDAVIT REGARDING SUMMONS ISSUANCE by Plaintiff Jackie Sample. (Received at the Intake Counter on 7/11/25.) (ph, ) (Entered: 07/14/2025) |
| 07/11/2025 | 36 | AFFIDAVIT of El Roy G. Johnson regarding summons issuance. (Attachment) (Received at the Intake Counter on 07/11/2025) (rc, ) (Entered: 07/14/2025) |
| 07/11/2025 | 37 | AFFIDAVIT of Jackie Johnson Sample regarding summons issuance. (Received at the Intake Counter on 07/11/2025) (rc, ) (Entered: 07/14/2025) |
| 07/15/2025 | 38 | AFFIDAVITS of Service filed by Plaintiff Jackie Johnson Sample. (Received at the Intake Counter on 7/15/25.) (vkm, ) (Entered: 07/15/2025) |
| 07/15/2025 | 39 | MOTION by Plaintiff Jackie Johnson Sample for attorney representation. (Exhibits) (Received at the Intake Counter on 7/15/25) (vkm, ) (Entered: 07/15/2025) |
| 07/15/2025 | 40 | MOTION by Plaintiff Jackie Johnson Sample to disqualify attorney Michael J. Bradtke as counsel for judicial defendants. (Received at the Intake Counter on 7/15/25.) (vkm, ) (Entered: 07/15/2025) |
| 07/15/2025 | 41 | NOTICE of Motion by Jackie Johnson Sample for presentment of motion to disqualify attorney Michael J. Bradtke as counsel for judicial defendants 40 before Honorable Andrea R. Wood on 7/16/2025 at 09:30 AM. (Received at the Intake Counter on 7/15/25.) (vkm, ) (Entered: 07/15/2025) |
| 07/15/2025 | 42 | DECLARATION of Jackie Sample in support of motion to disqualify. (Received at the Intake Counter on 7/15/25.) (vkm, ) (Entered: 07/15/2025) |
| 07/15/2025 | 43 | AFFIDAVITS of Service filed by Plaintiff Jackie Johnson Sample. (Received at the Intake Counter on 7/15/25.) (vkm, ) (Entered: 07/15/2025) |
| 07/15/2025 | 44 | SUMMONS Returned Executed by Jackie Johnson Sample. (Received at the Intake Counter on 7/15/25) (vkm, ) (Entered: 07/15/2025) |
| 07/15/2025 | 45 | MOTION by Intervenor El Roy G. Johnson for attorney representation. (Exhibit) (Received at the Intake Counter on 7/15/25.) (vkm, ) (Entered: 07/15/2025) |
| 07/15/2025 | 48 | MOTION by Plaintiff Jackie Johnson Sample for attorney representation. (Exhibits). (Received at the Intake Counter on 7/15/2025).<br><br>(jn,) (Entered: 07/29/2025) |
| 07/16/2025 | 46 | ATTORNEY Appearance for Defendant Old National Bank by Tina Marie Jacobs (Jacobs, Tina) (Entered: 07/16/2025) |
| 07/16/2025 | 47 | MINUTE entry before the Honorable Andrea R. Wood: Telephonic initial status hearing held on 7/16/2025. The Court sets the following briefing schedule on Defendant Select Portfolio Servicing's motion to dismiss Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(6) 17 . Plaintiff shall file a response by 9/16/2025. Defendant SPS shall file a reply by 9/30/2025. As confirmed on the record, the Judicial Defendants' deadline to answer or otherwise respond to Plaintiff's amended complaint is 7/31/2025. If a motion to dismiss or motion for a more definite statement is filed, Plaintiff shall file a response by 10/1/2025. Judicial Defendants shall file a reply by 10/15/2025. Plaintiff's motion to disqualify Attorney Michael J. Bradtke as counsel for Judicial Defendants 40 is taken under advisement with no further briefing or argument. Plaintiff's motion for attorney representation 39 is entered and continued. As explained |

| | | |
|---|---|---|
| | | on the record, the motion is incomplete because it does not include a completed financial affidavit. The Clerk is directed to send Plaintiff Sample a financial affidavit form at the email address on the docket. Motion to intervene by El Roy Johnson 18 is denied and motion for attorney representation by El Roy Johnson 45 is denied as moot. As discussed on the record, Mr. Johnson does not satisfy the requirements for intervention as a matter of right because he does not have an unconditional right to intervene pursuant to a federal statute nor does he claim an interest relating to the property or transaction that is the subject matter of Plaintiff Sample's action. See Fed. R. Civ. P. 24(a). Additionally, the Court finds that Mr. Johnson may not intervene based on principles of permissive intervention because he has not identified a condition right to intervene under any federal statute nor does he seek to assert a claim or defense that shares a common question of law or fact with Plaintiff's action. See Fed. R. Civ. P. 24(b). Specifically, the claims that Mr. Johnson desires to bring against Judge James Orel based on his brother's guardianship have no apparent connection to Plaintiff Sample's claims other than that the legal proceedings were presided over by the same judge. Telephonic status hearing set for 10/28/2025 at 10:00 AM. The call-in number is (650) 479-3207 and the access code is 1808131170. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (lma, ) (Entered: 07/21/2025) |
| 07/22/2025 | | MAILED a financial affidavit form at the email address provided for Plaintiff Jackie Johnson Sample. (vkm, ) (Entered: 07/22/2025) |
| 07/31/2025 | 49 | MOTION by Defendants Kenton Skarin, Neal Cerne, Susan Alvarado, James Orel to dismiss for lack of jurisdiction<br><br>(Bradtke, Michael) (Entered: 07/31/2025) |
| 08/05/2025 | 50 | APPLICATION by Plaintiff Jackie Johnson Sample for leave to proceed in forma pauperis. (Exhibits) (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 51 | MOTION by Plaintiff Jackie Johnson Sample to clarify July 16, 2025 minute order and to address pending emergency matters. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 52 | SWORN AFFIDAVIT of Jackie Sample in support of motion to clarify July 16, 2025 minute order and to address pending emergency matters. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 53 | RESPONSE by Plaintiff Jackie Johnson Sample in Opposition to Defendants' motion to dismiss 49 . (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 54 | MEMORANDUM of law by Plaintiff Jackie Johnson Sample in support of her response in opposition to Defendant's motion to dismiss. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 55 | AFFIDAVIT of Jackie Sample in support of Plaintiff's opposition to Defendants' motion to dismiss. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |

| 08/05/2025 | 56 | MOTION by Plaintiff Jackie Johnson Sample to disqualify attorney Michael J. Bradtke as counsel for judicial defendants. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
|---|---|---|
| 08/05/2025 | 57 | NOTICE of Motion by Jackie Johnson Sample for presentment of Plaintiff's motion to disqualify attorney Michael J. Bradtke as counsel for judicial defendants 56 . (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 58 | MEMORANDUM of law by Jackie Johnson Sample in support of Plaintiff's motion to disqualify attorney Michael J. Bradtke. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 59 | AFFIDAVIT of Jackie Sample in support of motion to disqualify attorney Michael J. Bradtke as counsel for judicial defendants. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 60 | MOTION by Plaintiff Jackie Johnson Sample for special service of process on Defendant Madison Sample Jr. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 61 | NOTICE of Motion by Jackie Johnson Sample for presentment of Plaintiff's motion for special service of process on Defendant Madison Sample Jr. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 62 | AFFIDAVIT of Jackie Sample of due diligence in support of motion for special service of process. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 63 | MOTION by Plaintiff Jackie Johnson Sample for reasonable ADA accommodations under federal law. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 64 | NOTICE of Motion by Jackie Johnson Sample for presentment of motion for reasonable ADA accommodations 63 . (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 65 | AFFIDAVIT of Jackie Sample in support of motion for reasonable ADA accommodations. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 66 | EMERGENCY MOTION by Plaintiff Jackie Johnson Sample for temporary restraining order (TRO) and preliminary injunction under FED. R. CIV. P.65. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 67 | NOTICE of Motion by Jackie Johnson Sample for presentment of emergency motion for temporary restraining order (TRO) and preliminary injunction under FED. R. CIV. P.65 66 . (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 68 | MEMORANDUM of law by Jackie Johnson Sample in support of Plaintiff's emergency motion for TRO and preliminary injunction. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 69 | SWORN AFFIDAVIT of Jackie Sample in support of emergency motion for TRO and preliminary injunction. (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |
| 08/05/2025 | 70 | NOTICE of filing by Jackie Johnson Sample of state court judgment and request for judicial notice. (Exhibits) (Received at the Intake Counter on 8/5/25) (vkm, ) (Entered: 08/06/2025) |

| 08/22/2025 | 71 | MINUTE entry before the Honorable Andrea R. Wood: Telephonic motion hearing set for 8/25/2025 at 11:00 AM. The call-in number is (650) 479-3207 and the access code is 1808131170. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (lma, ) (Entered: 08/22/2025) |
|---|---|---|
| 08/25/2025 | 72 | MINUTE entry before the Honorable Andrea R. Wood: Telephonic motion hearing held on 8/25/2025. For the reasons stated on the record, Plaintiff's emergency motions for temporary restraining order (TRO) and preliminary injunction under Fed. R. Civ. P. 65 15 , 66 are denied. Plaintiff's motion for special service of process on Defendant Madison Sample Jr. 60 is taken under advisement. As stated on the record, Defendant Old National Bank shall answer or otherwise respond to the complaint by 9/2/2025. The Court will issue a separate order to address the remaining pending motions. Telephonic status hearing set for 10/28/2025 at 10:00 AM remains firm. Mailed notice (lma, ) (Entered: 08/26/2025) |
| 08/29/2025 | 73 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Old National Bank<br><br>(Jacobs, Tina) (Entered: 08/29/2025) |
| 08/29/2025 | 74 | EMERGENCY MOTION by Plaintiff Jackie Johnson Sample to disqualify and for substitution of judge for cause. (Received at the Intake Counter on 8/29/25) (vkm, ) (Entered: 09/02/2025) |
| 08/29/2025 | 75 | AFFIDAVIT / VERIFIED DECLARATION by Plaintiff Jackie Johnson Sample under 28 U.S.C §1746 emergency motion to disqualify Judge Andrea R. Wood and for substitution of judge for cause 74 . (Received at the Intake Counter on 8/29/25) (vkm, ) (Entered: 09/02/2025) |
| 08/29/2025 | 76 | MEMORANDUM of law by Jackie Johnson Sample in support of emergency motion to disqualify judge Andrea R. Wood and for substitution of judge for cause 74 . (Received at the Intake Counter on 8/29/25) (vkm, ) (Entered: 09/02/2025) |
| 08/29/2025 | 77 | NOTICE by Jackie Johnson Sample of emergency motion 74 . (Received at the Intake Counter on 8/29/25) (vkm, ) (Entered: 09/02/2025) |
| 09/03/2025 | 78 | MOTION by Plaintiff Jackie Johnson Sample to set hearing and expedite rulings. (Exhibits) (Received at the Intake Counter on 9/3/25) (vkm, ) (Entered: 09/03/2025) |
| 09/03/2025 | 79 | RENEWED MOTION by Plaintiff Jackie Johnson Sample for preliminary injunction - TRO. (Received at the Intake Counter on 9/3/25) (vkm, ) (Entered: 09/03/2025) |
| 09/03/2025 | 80 | EMERGENCY MOTION by Plaintiff Jackie Johnson Sample for counsel (28 U.S.C. 1915(e)(1) (Exhibit) (Received at the Intake Counter on 9/3/25) (vkm, ) (Entered: 09/03/2025) |
| 09/03/2025 | 81 | REQUEST by Plaintiff Jackie Johnson Sample for judicial notice. (Received at the Intake Counter on 9/3/25) (vkm, ) (Entered: 09/03/2025) |
| 09/03/2025 | 82 | APPENDIX A by Plaintiff Jackie Johnson Sample of record of case events relevant to recusal and due process violations. (Received at the Intake Counter on 9/3/25) (vkm, ) (Entered: 09/03/2025) |

| | | |
|---|---|---|
| 09/03/2025 | 83 | DECLARATION of Jackie Sample in support of request for judicial notice and appendix A. (Received at the Intake Counter on 9/3/25) (vkm, ) (Entered: 09/03/2025) |
| 09/03/2025 | 84 | MOTION by Plaintiff Jackie Johnson Sample for alternative service. (Exhibit) (Received at the Intake Counter on 9/3/25) (vkm, ) (Entered: 09/03/2025) |
| 09/03/2025 | 85 | MOTION by Plaintiff Jackie Johnson Sample to disqualify Judge Andrea Wood. (Received at the Intake Counter on 9/3/25) (vkm, ) (Entered: 09/03/2025) |
| 09/03/2025 | 86 | NOTICE by Jackie Johnson Sample of ongoing irreparable harm and request for immediate ruling. (Received at the Intake Counter on 9/3/25) (vkm, ) (Entered: 09/03/2025) |
| 09/03/2025 | 87 | DECLARATION of Jackie Sample in support of motion to disqualify. (Received at the Intake Counter on 9/3/25) (vkm, ) (Entered: 09/03/2025) |
| 09/04/2025 | 88 | MINUTE entry before the Honorable Andrea R. Wood: The Court is in receipt of Plaintiff's emergency motion to disqualify and for substitution of judge cause 74 , Plaintiff's emergency motion to set hearing and expedite rulings 78 , Plaintiff's renewed motion for preliminary injunction - TRO 79 , Plaintiff's emergency motion for counsel 80 , Plaintiff's request for judicial notice 81 , Plaintiff's motion for alternative service, and Plaintiff's motion to disqualify judge 85 . Telephonic motion hearing set for 9/9/2025 at 12:30 PM. The call-in number is (650) 479-3207 and the access code is 1808131170. To ensure public access to court proceedings, members of the public and media may call in to listen to telephonic hearings. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (lma, ) (Entered: 09/04/2025) |
| 09/08/2025 | 89 | MOTION by Plaintiff Jackie Johnson Sample for disqualification under 28 U.S.C §144.<br><br>(Attachments: # 1 Text of Proposed Order) (Received at the Intake Counter on 9/8/25.) (vkm, ) (Entered: 09/08/2025) |
| 09/08/2025 | 90 | FILING CHECKLIST by Jackie Johnson Sample. (Received at the Intake Counter on 9/8/25.) (vkm, ) (Entered: 09/08/2025) |
| 09/08/2025 | 91 | AFFIDAVIT of Jackie Sample of bias and prejudice. (Received at the Intake Counter on 9/8/25.) (vkm, ) (Entered: 09/08/2025) |
| 09/08/2025 | 92 | SUPPLEMENTAL AFFIDAVIT of Jackie Sample of bias/prejudice. (Received at the Intake Counter on 9/8/25.) (vkm, ) (Entered: 09/08/2025) |
| 09/08/2025 | 93 | CERTIFICATE by Jackie Sample of Good Faith. (Received at the Intake Counter on 9/8/25.) (vkm, ) (Entered: 09/08/2025) |
| 09/08/2025 | 94 | NOTICE by Jackie Johnson Sample of filing. (Received at the Intake Counter on 9/8/25.) (vkm, ) (Entered: 09/08/2025) |
| 09/08/2025 | 95 | CERTIFICATE of Service by Jackie Johnson Sample. (Received at the Intake Counter on 9/8/25.) (vkm, ) (Entered: 09/08/2025) |
| 09/09/2025 | 96 | MINUTE entry before the Honorable Andrea R. Wood: Telephonic motion hearing held on 9/9/2025. As stated on the record, Plaintiff's emergency motion to disqualify and for substitution of judge cause 74 , Plaintiff's emergency motion to set hearing and expedite rulings 78 , Plaintiff's renewed motion for preliminary injunction - TRO 79 , |

| | | |
|---|---|---|
| | | Plaintiff's emergency motion for counsel 80 , Plaintiff's request for judicial notice 81 , Plaintiff's motion for alternative service, and Plaintiff's motion to disqualify judge 85 are taken under advisement for written ruling. Mailed notice (lma, ) (Entered: 09/10/2025) |
| 09/10/2025 | 97 | NOTICE OF FILING- Checklist of Submissions by Jackie Johnson Sample (Received at the Intake Counter on 09/10/25.) (bi,) (Entered: 09/10/2025) |
| 09/10/2025 | 98 | NOTICE OF FILING of Supplemental Affidavit by Jackie Johnson Sample (Received at the Intake Counter on 09/10/25.) (bi,) (Entered: 09/10/2025) |
| 09/10/2025 | 99 | SUPPLEMENTAL AFFIDAVIT of Jackie Johnson Sample (Received at the Intake Counter on 09/10/25.) (bi,) (Entered: 09/10/2025) |
| 09/10/2025 | 100 | EMERGENCY MOTION by Plaintiff Jackie Johnson Sample to disqualify Judge Andrea R. Wood under 28 U.S.C. 144 and 455 (Received at the Intake Counter on 09/10/25.) (bi,) (Entered: 09/10/2025) |
| 09/10/2025 | 101 | AFFIDAVIT of bias/prejudice pursuant to 28 U.S.C. 144 and 455 Jackie Johnson Sample (Received at the Intake Counter on 09/10/25.) # 1 Affidavit) (bi, ). (Entered: 09/10/2025) |
| 09/11/2025 | 102 | ORDER: Plaintiff's motions to disqualify and for substitution of judge for cause 74 , 85 , 89 , 100 , pursuant to 28 U.S.C. §§ 144 and 455, are denied. With those matters resolved, the Court will proceed with written rulings on the pending motions that are ripe for decision in due course. See the accompanying Statement for details. Signed by the Honorable Andrea R. Wood on 9/11/2025. Mailed notice (lma, ) (Entered: 09/11/2025) |
| 09/17/2025 | 103 | SUPPLEMENTAL DECLARATION of Jackie Sample. (Received at the Intake Counter on 9/17/25) (vkm, ) (Entered: 09/17/2025) |
| 09/17/2025 | 104 | MOTION by Plaintiff Jackie Johnson Sample for reconsideration, renewed emergency relief, and judicial recusal. (Received at the Intake Counter on 9/17/25) (vkm, ) (Entered: 09/17/2025) |
| 09/17/2025 | 105 | DECLARATION of Jackie Sample in support of motion for reconsideration, renewed emergency relief, and judicial recusal pursuant to 28 U.S.C. §§ 144 and 455. (Received at the Intake Counter on 9/17/25) (vkm, ) (Entered: 09/17/2025) |
| 09/29/2025 | 106 | REPLY by Defendant Select Portfolio Servicing, Inc to Motion to Dismiss for Failure to State a Claim, 17 (Altman, Jason) (Entered: 09/29/2025) |
| 10/01/2025 | 107 | ORDER GENERAL ORDER 25-0024: GENERAL ORDER HOLDING IN ABEYANCE: CIVIL MATTERS INVOLVING THE UNITED STATES AS A PARTY: This matter is before the Court due to the lapse of congressional appropriations funding the federal government, including the Department of Justice and the United States Attorney's Office. Absent an appropriation, the United States represents that certain Department of Justice attorneys and employees of the federal government are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Therefore, the lapse in appropriations requires a reduction in the workforce of the United States Attorney's Office and other federal agencies, particularly with respect to prosecution and defense of civil cases. The Court, in response, and with the intent to avoid any default or prejudice to the United States or other civil litigants occasioned by the lapse in funding, sua sponte enters this General Order. As a result of the cited workforce reductions, it is hereby ORDERED, effective October 1, 2025, that all civil litigation involving as a party the |

| | | United States of America, its agencies, its officers or employees (whether in their individual or official capacity and whether current or former employees), and/or any other party represented by the Department of Justice or the United States Attorney's Office is immediately suspended, postponed, and held in abeyance continuing until funding for federal government operations is fully restored. The Court may renew or modify this General Order depending on developments in the stay period. The Court intends "civil litigation" to include all pending non-criminal cases in which the United States, its agencies, its officers or employees (whether in their individual or official capacity and whether current or former employees) is in any way a named party and any non-criminal cases in which the United States Attorney's Office or the Department of Justice is counsel of record. This includes, without limitation, all pending Social Security cases and all cases seeking monetary or equitable relief in which the United States is involved as a civil litigant. The General Order does not affect habeas corpus cases pending or filed under Chapter 153 of Title 28. This General Order suspends and continues, during the stay, any and all events and deadlines in the affected civil litigation (whether established by order, rule, or agreement), including but not limited to any scheduled proceedings, hearings, and/or discovery and pleading dates. No party will be required to take any steps in civil litigation affected until expiration of the stay. The Court warns litigants that this General Order does not purport to affect rights to, or deadlines concerning, appeal from any decision of this Court, which will continue to operate and issue orders in the normal course. Any litigant affected by this General Order may seek relief from the order by motion. The Court may, in any particular case, vary the effect or operation of this General Order by a separate order. The Court shall distribute this General Order : (a) by electronic service to all registered CM/ECF users; (b) by first-class mail to unregistered civil litigants, including pro se litigants, and to attorneys pending pro hac vice admission; and (c) by posting the General Order on the Court's public website. The Court shall clarify the status of case schedules upon expiration of the stay and dependent on the timing of the funding resolution. Signed by the Honorable Virginia M. Kendall on 10/1/2025: Mailed notice. (tg, ) (Entered: 10/01/2025) |
| 10/02/2025 | <u>108</u> | NOTICE by Jackie Johnson Sample of emergency filing (Received at the Intake Counter on 10/2/2025.) (bi,) (Entered: 10/03/2025) |